IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVE P. GORSLINE,

          Plaintiff,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

          and

KANSAS CORPORATION COMMISION,

          Defendants.

Case No. 23-2304-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Steve P. Gorsline, proceeding pro se,[1] brings this lawsuit against defendant Federal Energy Regulatory Commission (FERC) and defendant Kansas Corporation Commission (KCC). Plaintiff contends FERC and the KCC violated his due process rights when the KCC approved a permit to construct an electricity transmission line running through multiple Kansas counties. He asserts that the limited rebuttal time (three minutes) at KCC's public permit hearings—as well as KCC's failure to consider opponents' objections when making its decision—violated his due process rights as a Kansas electricity rate payer. He also alleges that forcing Kansas ratepayers to foot the bill for the transmission line's construction is an

---

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

unconstitutional taking, violating the Fifth Amendment, because the line will benefit Missourians, not Kansans. Both defendants have filed Motions to Dismiss (Doc. 4; Doc. 10).

The KCC, in its Motion to Dismiss (Doc. 4), challenges the court's subject matter jurisdiction. The KCC asserts its Eleventh Amendment sovereign immunity, plaintiff's lack of standing, and the Kansas Judicial Review Act (KJRA)'s exclusive jurisdiction to review KCC decisions. Doc. 4 at 1–2. And the KCC moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Id.* at 1. The court holds that plaintiff hasn't met his burden to show a waiver of state sovereign immunity. So, the KCC is immune from suit. The court thus lacks subject matter jurisdiction over plaintiff's claim against the KCC. And the court grants the KCC's Motion to Dismiss (Doc. 4) under Fed. R. Civ. P. 12(b)(1). The court thus doesn't need to reach any of the KCC's other Rule 12(b)(1) or 12(b)(6) arguments.

FERC likewise challenges the court's subject matter jurisdiction. FERC asserts its sovereign immunity, its executive discretion, and the federal appellate courts' exclusive jurisdiction to review FERC orders under the Federal Power Act, 16 U.S.C. § 825*l*(b). Doc. 10 at 6–9. And so, FERC moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Id.* at 2. The court concludes FERC isn't a proper defendant here. Plaintiff premises his claims against FERC and the relief he seeks against it entirely on the procedure employed by the the KCC to approve the transmission line permit. Doc. 1 at 10–11. Transmission line permits for siting and construction fall squarely and solely within a state's jurisdiction, not FERC's.[2] *NextEra Energy*

---

[2]  The controlling statute has created one exception to the state's transmission line jurisdiction. FERC has jurisdiction over transmission line siting and construction if the line sits in a "national interest corridor" under the Federal Powers Act § 216, 16 U.S.C. § 824p. *See Piedmont Env't Council v. FERC*, 558 F.3d 304, 309–10 (4th Cir. 2009). But plaintiff hasn't pleaded that the national interest corridor exception applies here. Nor has anything in the briefing suggested that this case falls within that narrow exception. And so, the court concludes, the state alone has jurisdiction to permit electrical transmission siting and construction here, in keeping with the traditional allocation of such authority. *Id.* at 310.

2

*Cap. Holdings, Inc. v. Lake*, 48 F.4th 306, 313 (5th Cir. 2022).  FERC thus isn't properly before the court because plaintiff doesn't challenge an action under FERC's jurisdiction.  So, the court grants FERC's Motion to Dismiss (Doc. 10) and dismisses FERC from the case.

The court explains its decisions below.  First, the court recites the relevant background facts.  Then the court addresses the KCC's sovereign immunity.  Finally, the court explains why FERC isn't a proper defendant in this case, closing with its conclusions.

I.     **Background**

The following facts come from plaintiff's Complaint (Doc. 1).  The motions to dismiss here present facial attacks under Rule 12(b)(1).  When a Rule 12(b)(1) motion registers a facial challenge—as discussed below—the court accepts plaintiff's facts and views them in the light most favorable to plaintiff, the party opposing the motions.  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (explaining that under a 12(b)(1) "facial attack, the district court must accept the complaint allegations as true"); *see also Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1304 (10th Cir. 2020) (explaining that on a motion to dismiss the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to" the party opposing the motion (citation and internal quotation marks omitted)).

The KCC granted a transmission line permit to a Florida utility company, NextEra, on May 24, 2023.  Doc. 1 at 3, 11.  The permit authorizes NextEra to construct a 345kV electricity transmission line across Kansas.  *Id.* at 7.  The Wolf Creek Nuclear Power Generating Station in Kansas will generate the line's energy.  *Id.* at 8.  But the electricity will travel from Kansas directly to the Blackberry sub station in Missouri, without serving any Kansas customers.  *Id.*  Before granting the permit, the KCC held public hearings about the line's construction.  *Id.* at 7.  The KCC limited opposition testimony at the hearing to just three minutes.  *Id.*  After the

hearing, the KCC authorized the NextEra 345Kv line application to proceed to the construction stage. *Id.* Plaintiff alleges the KCC "rushed" the line application process and didn't address many parties' objections to the transmission line. *Id.* He also contends that FERC has federal oversight over an interstate powerline and so, it should've engaged in the application process. *Id.* at 10.

Plaintiff opposes the NextEra line's construction because, in his view, requiring Kansas ratepayers to fund an electric line that serves Missouri residents only isn't fair. *Id.* at 8. Plaintiff seeks injunctive relief and asks the court to reopen the KCC's hearing process. *Id.* at 4. Doing so would allow the KCC to accept testimony properly, evaluate opposition, develop alternate line routes, and rule that "Kansas utility customers should [n]ot pay costs that 100% benefit Missouri utility customers." *Id.* With this background, the court turns next to the KCC's Motion to Dismiss (Doc. 4).

## II. The KCC's Motion to Dismiss (Doc. 4)

The court kicks off its dismissal analysis by identifying the legal standards used to evaluate the KCC's motion: the Rule 12(b)(1) standard and the state sovereign immunity standard.

### A. Rule 12(b)(1) Legal Standard

The KCC moves for dismissal of this lawsuit under Fed. R. Civ. P. 12(b)(1). It asserts that the court lacks subject matter jurisdiction. Doc. 4 at 1. According to our Circuit, Rule 12(b)(1) motions "take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations [about] subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted); *see also Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3

4

(10th Cir. Aug. 16, 2021) (explaining the difference between a facial and factual attack). When "the parties do not have any relevant factual disputes . . . and rather disagree about what the law governs," a court may "construe Defendant's arguments as a facial attack[.]" *Navajo Agric. Prods. Indus. v. United States*, 608 F. Supp. 3d 1060, 1065 n.2 (D.N.M. 2022). Here, the facts in plaintiff's complaint, even if entirely true, prove insufficient to establish subject matter jurisdiction. So, the court construes this Rule 12(b)(1) motion as a facial attack against the court's subject matter jurisdiction.

The court must dismiss any case that it lacks subject matter jurisdiction to hear. Fed. R. Civ. P. 12(h)(3). The court must do so because a "court lacking jurisdiction cannot render judgment[.]" *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)). Since federal courts are courts of limited jurisdiction, they presume against jurisdiction, and the party invoking federal jurisdiction bears the burden to establish it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**B.      State Sovereign Immunity Legal Standard**

The KCC's Motion to Dismiss asserts it has sovereign immunity under the Eleventh Amendment. Doc. 4 at 1. This amendment protects states from suits brought by citizens. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). It grants immunity that "accord[s] states the respect owed them as joint sovereigns." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). "[S]tate sovereign immunity applies to any action brought against a state in federal court, including suits initiated by a state's own citizens." *Id.* And it "applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Id.* The Eleventh Amendment presents a jurisdictional bar to suits against a state unless the state

5

waives its immunity.³ *Peterson*, 707 F.3d at 1205; *see also U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 944 (10th Cir. 2008) (explaining that the court has no independent obligation to raise Eleventh Amendment immunity to ensure subject matter jurisdiction but, "once effectively raised," the Eleventh Amendment limits a court's subject matter jurisdiction (emphasis omitted)). Eleventh Amendment immunity applies not only to a state but also may extend to an "'arm of the state'"—*i.e.*, a state agency or entity. *Steadfast Ins. Co.*, 507 F.3d at 1253 (quoting *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280 (1977)).

**C.     Analysis**

The court concludes that the KCC, as a state agency, is immune from this suit under the Eleventh Amendment. Our court previously confirmed the KCC's status as "a state agency created pursuant to K.S.A. § 74-601(a)." *Welch v. Henley*, No. 89-2172, 1989 WL 106715, at *1 (D. Kan. Aug. 25, 1989) (granting a motion to dismiss against the KCC because they were entitled to Eleventh Amendment immunity as a state agency); *see also Plains Petrol. Co. v. Comm'r*, 78 T.C.M. (CCH) 130, 1999 WL 525467, at *2 (T.C. 1999) (identifying the KCC as a state agency). And so, the KCC is an arm of the state, and the Eleventh Amendment provides a jurisdictional bar to suit in our court unless the state has waived its sovereign immunity.

Plaintiff argues for such a waiver in his Response. He contends that the Fourteenth Amendment—because it was adopted after the Eleventh Amendment—supersedes the Eleventh Amendment and thus waives state sovereign immunity.⁴ Doc. 8 at 1. He's made this argument

---

³     Our Circuit has identified two other exceptions to Eleventh Amendment immunity. *Ruiz*, 299 F.3d at 1180–81. Congress may abrogate that immunity, or a plaintiff may bring an action under the *Ex Parte Young* doctrine—seeking prospective injunctive relief against a state official. *Id.* Plaintiff pleads neither exception here, nor does the court find that either exception applies on the pleaded facts.

⁴     Plaintiff filed a Sur-reply (Doc. 11) presenting more arguments to support this contention. But plaintiff didn't seek leave of the court to file the sur-reply. And sur-replies "are permitted only with leave of the court which is rarely given." *Mack v. J.M. Smuckers Co.*, 631 F. Supp. 3d 1018, 1022 (D. Kan.

before. *See Gorsline v. State of Kan. Dep't of Transp.*, 21 F.3d 1121, 1994 WL 118174, at *1 (10th Cir. 1994). There, plaintiff argued that Kansas waived its Eleventh Amendment immunity for all suits brought under the Fourteenth Amendment when Kansas ratified the Fourteenth Amendment. *Id.* Both our court and the Tenth Circuit rejected the argument. *Id.*; *see also Kiley v. Lord*, No. 11-2516, 2012 WL 3066394, at *4–5 (D. Kan. July 26, 2012) (rejecting the argument that plaintiff's due process rights under the Fourteenth Amendment supersede the state's right to assert immunity under the Eleventh Amendment). Other federal courts have followed suit. *Cooper-Keel v. Michigan*, No. 22-2026, 2023 WL 7458344, at *3 (6th Cir. June 7, 2023) (finding "meritless" the argument that Fourteenth Amendment supersedes Eleventh Amendment). The court again rejects plaintiff's waiver argument here. Plaintiff thus has failed to articulate any valid argument showing Kansas waived its Eleventh Amendment immunity. And, once effectively raised, this immunity bars the court from exercising subject matter jurisdiction over the KCC. So, the court grants the KCC's Motion to Dismiss (Doc. 4) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

The court now turns to the other defendant, FERC, and its Motion to Dismiss (Doc. 10). Again, the court begins with the legal standard for a Rule 12(b)(6) motion.

### III.   FERC's Motion to Dismiss (Doc. 10)

#### A.   Rule 12(b)(6) Legal Standard

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), a complaint only survives when it contains "sufficient factual matter, accepted as true, to state a claim to relief that

---

2022). So, the court disregards plaintiff's Sur-reply. *See id.* And even if the court considered the arguments presented in plaintiff's Sur-reply, the court still would grant the KCC's Motion to Dismiss (Doc. 4). The Sur-reply focuses on case law about federal eminent domain—not Fourteenth Amendment—limitations on state sovereign immunity. Doc. 11 at 2–3.

is plausible on its face." *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021) (internal quotation marks and citations omitted). Such "'facial plausibility'" inheres when "the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B.     FERC as an Improper Defendant

Plaintiff brings this action against FERC—in addition to the KCC—because he contends this "matter is one FERC should be involved in (but has allowed SPP and KCC to do its groundwork for it)." Doc. 1 at 10 (quotation cleaned up). He asserts that the KCC's transmission line permit decision rests under FERC's purview and questions how a state agency can make decision consigned to FERC. Doc. 13 at 1–2. This transmission line—though constructed in Kansas—will carry electricity across a state boundary and into Missouri. *Id.* at 2. And so, plaintiff avers, the permit decision falls under FERC's jurisdiction as the agency responsible for interstate electricity transmission regulation. *Id.*

Plaintiff himself acknowledges that his claim here doesn't challenge any FERC order or decision. *Id.* at 1. Instead, he premises his suit against FERC on FERC's alleged willingness to let the KCC "make a FERC decision" about an interstate transmission line. *Id.* at 2.

But plaintiff misunderstands the division of authority between FERC and the states. FERC has no authority over transmission line siting and construction decisions. *See Piedmont Env't Council v. FERC*, 558 F.3d 304, 310 (4th Cir. 2009) (explaining that, apart from national interest corridors, FERC has no authority to issue permits for constructing or modifying transmission facilities. Instead, "states have traditionally assumed all jurisdiction to approve or deny permits for the siting and construction of electric transmission facilities"); *see also NextEra*

*Energy*, 48 F.4th at 313 (noting that states "have authority over the location and construction of electrical transmission lines" (internal quotation marks and citation omitted)).  Even if the transmission line at issue will implicate FERC's authority at a later date—for instance, when the electricity flows interstate—the administrative action here belongs firmly under KCC's authority.

And our Circuit recently cautioned against lumping administrative actions together simply because they facilitate a single FERC-affiliated project.  In *Save the Colorado v. Spellmon*, the Tenth Circuit addressed the federal courts of appeals' exclusive jurisdiction over FERC actions under the Federal Power Act (FPA).  50 F.4th 954, 957 (10th Cir. 2022).  The City of Denver, hoping to boost its water supply, wanted to raise a local dam and expand a reservoir.  *Id.*  The project required the municipality to secure both:  (i) a permit from the U.S. Army Corps of Engineers to discharge fill material into the surrounding waters and (ii) an amendment of the dam's license from FERC.  *Id.*  The Circuit considered whether the FPA's exclusive jurisdiction provision applies when a party challenges a separate agency's decision to issue a FERC-related permit.  *Id.*  The Circuit distinguished between the two administrative actions—the Corps of Engineers permit and the FERC license amendment—in this singular project.  *Id.*  And the Circuit held that the FPA grants exclusive jurisdiction to the court of appeals *only* over those issues FERC possesses the authority to decide.  *Id.* at 965.  A party must bring a challenge to other agency actions—such as the Corps of Engineers permit—in district court.  *Id.* at 959.  The Circuit also cautioned against lumping two administrative actions together simply because they facilitate a single project that implicates, in part, FERC's authority.  *Id.* at 970.  So, the Circuit distinguished between the Corps of Engineers granting the permit and FERC granting the license amendment, holding the court's jurisdiction depends on the action challenged by the plaintiff.

9

*See id.* at 957 ("The conservation organizations are challenging the *Corps*' issuance of a *permit*, not the *Commission*'s [FERC's] amendment of a *license*. So the statute didn't limit jurisdiction to the court of appeals." (emphasis in original)).

The caution against lumping actions together is instructive here. Plaintiff challenges—as the administrative action at issue in this case—the procedure used to grant a transmission line construction permit. And the KCC, as the relevant agency, exercises authority over that decision. If instead plaintiff were challenging a FERC decision, the FPA's exclusive jurisdiction provision would require him to bring that claim in the federal courts of appeals, as defendant FERC explains.[5]  Doc. 10 at 8–9; *see also Save the Colo.*, 50 F.4th at 959. But plaintiff isn't challenging FERC action here. Even if FERC will possess authority over the interstate transmission of the electricity—and the rates under which it sells the transmitted electricity once the line's in use—FERC doesn't possess authority over the line's siting, construction, or the procedure the KCC employs to permit it. The KCC hearing and FERC's later authority over the transmitted electricity are two distinct agency actions and binding precedent warns the court not to lump them together. Here, plaintiff only challenges the KCC's procedure permitting the transmission line's siting and construction—an agency action committed to the authority of the state, not FERC.

FERC thus isn't a proper defendant in this case. FERC didn't possess jurisdiction over the offending hearing or the subsequent transmission line's permit decision. Plaintiff thus has failed to state a claim against FERC. The Complaint doesn't allow the court to infer reasonably

---

[5]  This provision in the FPA presents something of a catch-22 for plaintiff. Even if the court determined FERC was a proper defendant, the court still must grant FERC's Motion to Dismiss (Doc. 10) because the court would lack subject matter jurisdiction under the FPA's exclusive jurisdiction provision. *See* 16 U.S.C. § 825*l*(b). In that situation, the court would dismiss FERC under Rule 12(b)(1). Either way, FERC's motion succeeds.

that FERC is liable for violating his rights. The court thus dismisses FERC from this action under Rule 12(b)(6). *See Fuqua v. Lindsey Mgmt. Co.*, 321 F. App'x 732, 735 (10th Cir. 2009) (affirming district court's grant of summary judgment when plaintiffs sued improper defendant); *Sanders v. St. Joseph County, Ind.*, 806 F. App'x. 481, 485 (7th Cir. 2020) (affirming district court's 12(b)(6) dismissal because plaintiff "sued the wrong defendant").

## IV. Conclusion

Plaintiff bears the burden of establishing subject matter jurisdiction over his claims. He fails to do so for his claims against the KCC. State sovereign immunity under the Eleventh Amendment bars this court's jurisdiction. So, the court dismisses plaintiff's claims against the KCC, without prejudice, for lack of subject matter jurisdiction under Rule 12(b)(1). The court also dismisses FERC from this action, without prejudice, as an improper defendant under Rule 12(b)(6). FERC doesn't have any authority over the challenged agency action.

**IT IS THEREFORE ORDERED** that defendant Kansas Corporation Commission's Motion to Dismiss (Doc. 4) and defendant Federal Energy Regulatory Commission's Motion to Dismiss (Doc. 10) are granted.

**IT IS SO ORDERED.**

**Dated this 5th day of March 2024, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**